UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02408-DOC-DFMx            Date: March 8, 2024

Title: ORGANIC SOIL SCIENCE, INC. v. KENNETH D. MOSS, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [18]**

Before the Court is Plaintiff Organic Soil Science, Inc.'s ("OSS" or "Plaintiff") Motion to Remand ("Motion" or "Mot.") (Dkt. 18). The Court finds this matter suitable for resolution without oral argument. For the reasons explained below, the Court **DENIES** the Motion.

### I. Background

In 2019, Defendants Kenneth Moss and TerraGenix, Inc. contracted Plaintiff OSS to find funding for Defendants' business. First Amended Complaint ("FAC") (Dkt. 1-8) ¶¶ 1-2, 20-23, 25-28, 36-39. After Defendants terminated this agreement four years later, Plaintiff brought this lawsuit in California state court alleging breach of contract and other violations of California law.

Defendants then removed the case to federal court, arguing that this Court has diversity jurisdiction. Plaintiff OSS is a Colorado Corporation with its principal place of business in California. *Id.* ¶ 1. Defendant Kenneth D. Moss ("Moss") is a resident of Virginia, and Defendant TerraGenix, Inc. ("TerraGenix") (collectively, "Defendants") is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02408-DOC-DFMx                                 Date: March 8, 2024

Page 2

incorporated in Nevada and, on several documents, lists its principal place of business as Orange County, California. *Id.* ¶¶ 2–3. Plaintiff argues that, because OSS and TerraGenix are both California citizens, there is no federal diversity jurisdiction. The Court disagrees.

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, however, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02408-DOC-DFMx                                      Date: March 8, 2024

Page 3

### III.    Discussion

Because the amount in controversy exceeds $75,000, jurisdiction turns on whether TerraGenix's principal place of business was in California at the time the Complaint was filed. In the FAC, Plaintiff alleges that Defendant TerraGenix's principal place of business is Orange County, California. *Id.* ¶ 2. Plaintiff repeats this allegation in the Motion, stating that Moss did not want his Virginia address to be published or appear on any TerraGenix documents. Mot. at 11. In support of this point, Plaintiff provides numerous documents from TerraGenix, including its By-Laws and Articles of Incorporation, all of which list the Orange County, California address. *Id.* at 11–14.

In response, Defendants argue that TerraGenix's principal place of business is Virginia. Opposition ("Opp'n.") (Dkt. 24) at 8. Moss, a citizen of Virginia, claims that no core business decisions can be made for TerraGenix without his direct input, oversight, and management, and that, since TerraGenix's inception, Moss has operated and performed the company's primary business and corporate functions from Virginia, as he is TerraGenix's President, CEO, and Chairman of the Board. *Id.*

In *Hertz Corp. v. Friend*, the Supreme Court held that, for purposes of diversity jurisdiction, a corporation's principal place of business is its "nerve center". *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). A corporation's "nerve center" refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Id.* The Supreme Court's intent was to point courts in a single direction, toward the center of overall direction, control, and coordination of a corporation, and thus avoid courts having to weigh corporate functions, assets, and generated revenues against each other. *Id*. at 96. Forms filed that list a corporation's "principal executive offices" are not enough, on their own, to establish a corporation's "nerve center". *Id.* at 97. The burden of persuasion for establishing diversity jurisdiction under the nerve center test rests with the party asserting jurisdiction. *Id.* at 96.

Here, the Court finds that Defendant's nerve center is Virginia, not California. In Defendants' Opposition, Defendants describe in detail the significant control Moss exercises over TerraGenix's business operations from Virginia. Opp'n. at 9. Plaintiff's business operations conducted in California for TerraGenix—such as selling biochar for TerraGenix, facilitating the sale of TerraGenix stock for Moss, and seeking funding for the development of TerraGenix technologies—were performed at Moss's behest and direction, from Virginia. *Id.* at 10. Defendants claim that the only authority OSS had to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02408-DOC-DFMx　　　　　　　　　　　　　　　　Date: March 8, 2024

Page 4

perform tasks or communicate with third parties on behalf of TerraGenix was in the context of OSS's authorization to pursue venture capital for TerraGenix. *Id.* at 11. OSS is not a subsidiary of TerraGenix, but even if it were, without a showing that OSS is essentially an alter ego of TerraGenix, the activities of a subsidiary are not considered in determining the principal place of business for a corporation. *See Danjaq, S.A. v. Pathe Commun. Corp.*, 979 F.2d 772, 772–73 (9th Cir. 1992) (holding that even a subsidiary's activities should not be considered in determining a corporation's principal place of business absent a showing that the subsidiary is merely an alter ego of its parent). Much like in *Danjaq*, where the Ninth Circuit found that California was Danjaq's principal place of business because virtually every important decision for Danjaq was made in California by the sole shareholders of the company, virtually every important decision made for TerraGenix requires Moss's input and direction. *See Id.* at 776; Opp'n. at 9. The input and direction Moss provides flows from Virginia.

　　　　The Court thus finds that, under the nerve center test, the principal place of business for TerraGenix is Virginia. Accordingly, as Plaintiff does not share citizenship with any of the Defendants, complete diversity of citizenship exists, and this Court has diversity jurisdiction over this case.

**IV.　　Disposition**

　　　　For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

　　　　The hearing on this Motion scheduled for March 11, 2024, is **VACATED**. The parties are **ORDERED** to appear for a scheduling conference on March 11, 2024, at 8:30 a.m.

　　　　The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: kdu

CIVIL-GEN